UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDE A. O., | Case No. 21-CV-1731 (ECT/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE; ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; TAE D. JOHNSON, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, DIRECTOR, ST. PAUL FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; JOEL BROTT, SHERIFF, SHERBURNE COUNTY, | |
| Respondents. | |

This matter is before the Court on Petitioner Jude A. O.'s Petition for Writ of Habeas Corpus. (Dkt. No. 1.) The Court here addresses only the portion of the Petition raising a claim that his First Amendment right to marry is being interfered with (*id.* ¶¶ 6, 73-76, 99-101, 102(i)), with the remainder of the Petition to be addressed upon full briefing.[1]

---

[1] The Court bifurcated briefing on the Petition in an Order dated August 6, 2021. (Dkt. No. 8.) Respondents' response to Petitioner's detention-related claims is due on September 17, 2021, and the Court anticipates issuing a second report and recommendation on those claims. In addition, given that Petitioner's travel document has issued and his removal is imminent, the Court has decided to issue this Report and Recommendation without the benefit of a reply memorandum from Petitioner. Petitioner will have an opportunity to

1

Petitioner is being held in immigration custody by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner signed his Petition on July 17, 2021 and filed it on July 29, 2021. (Pet. at 1, 21.) On September 1, 2021, Respondents filed a request for an extension of time to respond to the Petition, explaining that two days after Petitioner signed the Petition, his removal order became final, and the basis for his immigration detention changed from 8 U.S.C. § 1226 to 8 U.S.C. § 1231. (*See* Dkt. No. 5.) According to Respondents, Petitioner is now in mandatory post-removal-order custody; his travel document has issued; and his removal is imminent. (*See id.*) The Court granted the extension request in part, allowing Respondent to respond to the bulk of the Petition on September 17, 2021, but because Petitioner at least intimated that marriage might afford him relief from removal, also denied the extension request in part, requiring Respondents to respond to the First Amendment freedom-to-marry claim by the original due date of September 3, 2021. The Court thanks Respondents for filing their partial response quickly.

Within his habeas Petition, Petitioner alleges that during his detention by ICE, Respondents Merrick B. Garland, Alejandro Mayorkas, Tae D. Johnson, and Joel Brott violated his First Amendment rights by denying him the right to marry. (Pet. ¶¶ 6, 73-76.) Respondents agree that the right to marry is fundamental and protected by the Constitution. (Dkt. No. 9 at 3.) However, Respondents urge denial of the Petition on several grounds.

---

present any additional argument or evidence in his objections to the Report and Recommendation.

Petitioners argue that Petitioner's use of a habeas petition is an improper means to seek relief regarding his conditions of confinement, and that, regardless, his underlying claim lacks merit. (Dkt. No. 9.) The Court agrees with Respondents.

This Court recommends that Petitioner's request for declaratory relief as to his First Amendment claim be denied because: (1) Petitioner's claim lacks factual support; (2) the claim is improperly raised in a habeas petition; (3) the claim is duplicative; and (4) even if the Court granted the relief sought, such relief would not change the final removal process, which is now underway.

1. **The Claim Lacks Factual Support**

First, Petitioner fails to describe how Respondents prevented his marriage, including specifically how or when Respondents used COVID-19-related procedures to prevent his marriage. While he states that during his detention by ICE at Sherburne County Jail, he expressed his wish to "get married to the mother of his children" and to "explore an avenue to immigration relief from removal" after that marriage (Pet. ¶ 6), Petitioner alleges no facts demonstrating when or how Respondents "used COVID 19 as an excuse preventing them from allowing [Petitioner] to get married." (*Id.* ¶ 101.) Additionally, Richard N. Pryd Jr, Deportation Officer, ICE, Department of Homeland Security, states in a sworn declaration that it is ICE's policy to assist detained non-citizens, such as Petitioner, with marriage requests made during their detentions. (Pryd Decl. ¶ 5, Dkt. No. 10.) He further declares that when ICE Enforcement and Removal Operations ("ERO") learned of Petitioner's two filed complaints alleging denial of his right to marry, ERO looked for any written requests to marry made by Petitioner, examined Petitioner's immigration file, and

checked Petitioner's weekly telephonic jail visit logs, but found no marriage requests. (*Id.*) Sherburne County Jail officials likewise found no record of any marriage requests made during Petitioner's detention there. (*Id.*) Because Petitioner has not shown that Respondents denied his marriage request, but has made only conclusory allegations that lack specificity, and because Respondents can find no record of any marriage requests, the Court recommends that Petitioner's First Amendment claim be denied.

### 2. A Writ of Habeas Corpus is an Improper Vehicle for the Claim Asserted

Petitioner's claim that Respondents violated his First Amendment rights is improperly raised in a habeas petition. Habeas petitions provide limited means to challenge the validity of a conviction or the length of a detention; they are not the proper way to raise a claim about the conditions of confinement. *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (holding detainee's habeas petition challenging the violation of his Eighth Amendment rights an improper procedural vehicle to assert his claim). Instead, a civil action would be the proper way to seek a remedy. *Smith v. Warden of Duluth Prison Camp*, No. 18-CV-2555 (WMW/LIB), 2019 WL 3325837, at *3 (D. Minn. Apr. 23, 2019), *R. & R. adopted as modified*, 2019 WL 3323063 (D. Minn. July 24, 2019) (holding Petitioner's habeas petition challenging the location of his confinement required refiling in a separate civil proceeding because "conditions-of-confinement claim[s] . . . cannot be properly brought and maintained in a federal habeas action"). Some courts have sought consent of petitioners to convert habeas proceedings into civil actions, *see Spencer*, 744 F.3d at 471, but that is unnecessary here because Petitioner has wisely filed such a civil action in addition to this habeas Petition. *See Jude A. O. v. Garland*, Case No. 21-cv-1770 (D. Minn.

4

Aug. 2, 2021) (ECT/JFD). Thus, because this habeas Petition is an improper vehicle to seek relief regarding the conditions of Petitioner's confinement, the Court recommends that his First Amendment claim be denied.

### 3. The Right to Marry Claim in the Petition is Duplicative of a Civil Action

As noted above, Petitioner filed a separate civil action on August 2, 2021, raising this same First Amendment claim, arising from the same facts, against the same Respondents, and seeking the same relief. *See id.* That case is currently pending timely answers to Petitioner's complaint. Because the instant claim is duplicative of the same claim properly raised in that pending case, the Court recommends that the First Amendment claim in this proceeding be denied.

### 4. Even if the Court Grants the Petition, it will not Afford Petitioner the Relief He Seeks

Finally, even if the Court granted the declaratory relief sought and Petitioner's marital status changed, Petitioner's removal process would remain at Respondents' discretion. Petitioner argues that if the Court granted him relief, he could then "explore available alternative avenue[s] of relief from removal." (Pet. ¶ 101.) However, Respondents state that even if Petitioner's immigration status changed based on his marital status, the agency's bases for Petitioner's final removal order would remain—chief among them Petitioner's prior conviction of a violation of Minn. Stat. § 609.3451, criminal sexual conduct in the fifth degree, which Petitioner committed by repeatedly assaulting a vulnerable adult under his care in a group home, and to which Petitioner pleaded guilty (Resp. at 4.) That the requested relief, if granted, would not alter the removal process

currently underway is a further reason the Court recommends that the declaratory relief sought be denied.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Petitioner's First Amendment claim (Dkt. No. 1 ¶¶ 99-101) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Date:  September 10, 2021              *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).