UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDE A.O., <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, ATTORNEY GENERAL, DEPARTMENT OF JUSTICE; ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; TAE D. JOHNSON, ACTING DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT; MARCOS CHARLES, DIRECTOR, ST. PAUL FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; and JOEL BROTT, SHERIFF, SHERBURNE COUNTY, <br><br> Respondents. | Case No. 21-CV-1731 (ECT/JFD) <br><br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner Jude A.O.'s Petition for Writ of Habeas Corpus. (Dkt. No. 1.) In this Habeas Corpus Petition, Petitioner seeks release from custody pursuant to 28 U.S.C. § 2241. The Court earlier addressed some time-sensitive portions of Petitioner's Petition in a previous Report and Recommendation (Dkt. No. 12)[1] and here addresses the remaining portions of Petitioner's Petition. (Pet. ¶¶ 5, 44, 49, 50–72, 79–98.)

---

[1] The Court bifurcated briefing on the Petition in an Order dated August 6, 2021 (Dkt. No. 8), to expeditiously address Petitioner's First Amendment claim that Respondents had unconstitutionally interfered with his right to marry (Pet. ¶¶ 6, 73–76, 99–101, 102(i)). The Court issued a Report and Recommendation on September 10, 2021 (Dkt. No. 12)

1

Petitioner alleges that during his detention by United States Citizenship and Immigration Services ("USCIS"), Respondents Merrick B. Garland, Alejandro Mayorkas, Tae D. Johnson, and Joel Brott violated his Fifth Amendment rights by detaining him without judicial review, engaging in an arbitrary abuse of power, failing to provide him with equal protection of the law, denying him a right to bail, and detaining him in conditions tantamount to punishment. (*Id.* ¶¶ 79–98 (including Counts II–VI).) In his prayer for relief, Petitioner seeks declarations that his detention is unconstitutional and his "immediate[] release . . . from custody[.]" (*Id.* ¶ 102(a)–(k).) Respondents argue that the Petition should be denied because it was filed to contest Petitioner's *pre*-final-removal-order detention under 8 U.S.C. § 1226(c), but shortly after his Petition was filed, Petitioner was moved to a *post*-final-removal-order detention under 8 U.S.C. § 1231, thereby rendering his Petition under 8 U.S.C. § 1226(c) moot. (Resp'ts' Suppl. Resp., Dkt. No. 13, at 2.)

Since that time, Petitioner has been removed from the United States. *See* Fuller Decl. Ex. A, *Okafor v. Garland et al.*, 21-cv-1770 (D. Minn. Oct. 15, 2021), Dkt. No. 19 (containing ICE's warrant of removal/deportation verifying Petitioner's departure from the United States). Therefore, the Court finds that this Petition is moot, and that this Court lacks subject matter jurisdiction.

---

recommending denial of Petitioner's First Amendment claim without prejudice. The District Court adopted that Report and Recommendation in an Order issued on October 1, 2021 (Dkt. No. 16). The Court now issues this second Report and Recommendation on Petitioner's remaining Fifth Amendment claims.

I. BACKGROUND

Petitioner, originally from Cameroon, entered the United States on May 1, 2006, on a B-2 nonimmigrant visa allowing him to remain in the United States until October 30, 2006. (Second Pryd Decl., Dkt. No. 14, ¶ 5.) In 2011, about five years after his visa had expired, USCIS charged Petitioner with remaining in the United States beyond his permitted immigration period in violation of the Immigration and Nationality Act ("INA"). (*Id.* ¶ 5.) On March 9, 2020, Petitioner was attending an immigration proceeding when officers with the United States Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO"), in St. Paul, Minnesota, arrested Petitioner after learning that he had been convicted of an offense covered by the detention provisions of § 236(c)(1)(C) of the INA, 8 U.S.C. § 1226(c). (Pet. ¶ 2; Resp'ts' Suppl. Resp. at 3.) The Department of Homeland Security also sought Petitioner's removal under § 237(a)(2)(A)(i) of the INA because Petitioner had been convicted of a crime of moral turpitude within five years of his admission into the United States with a one-year or longer sentence imposed. (Second Pryd Dec. ¶ 7.) On October 6, 2021, ICE completed Petitioner's removal from the United States. *See* Fuller Decl. Ex. A, *Okafor v. Garland et al.*, 21-cv-1770 (D. Minn. Oct. 15, 2021), Dkt. No. 19 (verifying ICE's removal of Petitioner from the United States).

II. ARTICLE III'S CASE OR CONTROVERSY REQUIREMENT

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during

the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* at 723–24 (internal quotations omitted). Courts have "concluded that a habeas petitioner's actual removal from the United States renders moot the petitioner's claims relating to his pre-removal detention because the court can no longer provide the relief sought." *Khoury v. McAleenan*, Civ. No. 19-2305 (DSD/BRT), 2019 WL 4600215, at *1 (D. Minn. Sept. 23, 2019) (citing *Augustin B. v. McAleenan*, No. 19-296, 2019 WL 4305534, at *1 (D. Minn. Sept. 11, 2019); *Mohamed v. U.S. Dep't of Homeland Sec.*, No. 13-643, 2013 WL 5888081, at *1–2 (D. Minn. Oct. 31, 2013)). "Article III mootness divests the Court of subject matter jurisdiction." *Ahmed v. Sessions*, Case No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017).

Because Petitioner sought release from ICE custody in his habeas petition and he is no longer in ICE custody due to his removal from the United States, the Court can no longer provide the relief sought.[2] As a result, Petitioner's petition is moot, and this Court lacks subject matter jurisdiction.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Petitioner's remaining Fifth Amendment claims

---

[2] None of the exceptions to the mootness doctrine apply here. *See Ahmed*, 2017 WL 3267738, at *2–3 (listing four exceptions to the mootness doctrine and concluding that none applied in a case with similar facts to Petitioner's instant action).

in his Petition for a Writ of Habeas Corpus (Dkt. No. 1) be **DENIED AS MOOT** and this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date:  October 19, 2021                             *s/ John F. Docherty*
                                                                         JOHN F. DOCHERTY
                                                                         United States Magistrate Judge

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).